[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STIPULATION OF FACTS
1. This appeal concerns the assessment and resulting taxation by the City of Waterbury of two BMW automobiles, one of which is identified by VIN # WBAGD4327RDE6543 (the first vehicle) and the other by VIN # WBABJ6325RJD32397 (the second vehicle)
2. The first vehicle, at all relevant times, was registered in the State of New York and most frequently left from and returned to and remained in New York City.
3. As to the first vehicle, the defendant agrees that it is not subject to taxation by the City of Waterbury.
4. As to the second vehicle the parties further stipulate as follows:
a. The office of the City Tax Assessor for the City of Waterbury included in the Applicant's list of taxable property for the list of October 1, 1995, all or part of the items of property referenced in the Notice of Assessment dated January 29, 1996 which is attached as EXHIBIT A to the Complaint.
b. Said property (which consisted of the first and secondvehicles) was listed as owned by Fox Rental Systems, Inc. which was claimed by the defendant as being part of Lombardi Enterprises, Inc., which has a primary place of business at 2100 South Main Street, Waterbury, Connecticut.
c. Fox Rental Systems, Inc., is a Wisconsin Corporation.
d. Lombardi Enterprises, Inc., is a Connecticut Corporation. CT Page 6785
e. In a prior tax appeal involving other motor vehicles not connected with the instant first and second vehicles, Judge Shortall rendered a Memorandum of Decision dated August 28, 1997, a copy of which is attached. In said decision, Judge Shortall addressed the issue of whether Fox Rental Systems, Inc. and Lombardi Enterprises, Inc., were to be treated as one and the same, for purposes of said prior tax appeal. (See, attached Memorandum of Decision, at pages 6-11.)
f. The Assessor's Office asserts that the second vehicle is attributable to Lombardi Enterprises, Inc. and that it (together with the first vehicle) has an aggregate assessed valuation for taxation purposes of $80,638.00 plus a penalty of $20,160.00 based on the grand list of October 1, 1995. Said $80,000.00 includes a past penalty of $16,128.00.
g. Said valuation and findings of the Assessor were appealed by the Applicant to the Board of Assessment Appeals for the City of Waterbury. A hearing before said Board took place and the Board dismissed the appeal.
h. For the succeeding assessment year, for property on the list of October 1, 1996, the Assessor for the City of Waterbury included in the Applicant's list of taxable personal property the items of personal property referred to in sub paragraph f, above.
i. The Assessor's Office has asserted that said personal property has an assessed valuation for taxation purposes of $125,998.00 on the grand list for October 1, 1996.
j. Such valuation and findings of the Assessor were appealed by the Applicant to the Board of Assessment Appeals for the City of Waterbury. A hearing was held before said Board and the Board dismissed the appeal.
k. During the assessment period to which the list of October 1, 1995 applied, the second vehicle was registered in the State of New York.
l. As of May, 1996, the second vehicle was registered in the State of Connecticut.
m. Attached is a copy of the Connecticut Application For Registration of the second vehicle. There was indicated on it a CT Page 6786 local "resident address" of 1260 Buckingham Street, Watertown, Connecticut. This was the home of Marguerite Lombardi who by her signature registered the vehicle, acting on behalf of Fox Rental Systems, Inc.
n. Attached is a copy of the Connecticut Certificate of Title for the second vehicle.
o. During said assessment years of 1995 and 1996, the registered owner of the second vehicle was Fox Rental Systems, Inc.
p. During said 1995 and 1996, Marguerite Lombardi, was employed at premises locate at 2100 South Main Street, Waterbury, Connecticut. Her normal hours of employment were 10:30 a.m. to 1:00 p. m., Monday through Thursday and 10:30 — 1 p. m. on Fridays, which is less than 30 hours per week.
q. At all relevant times, because of her employment, Ms. Lombardi was allowed to use and garage the second vehicle at her residence located in Watertown, Connecticut. Ms. Lombardi continuously has resided in Watertown since at least the late 1960s.
r. Ms. Lombardi used the second vehicle to commute to her place of employment in Waterbury on a daily basis. She neither possessed, owned or used any other vehicle for commuting or for other personal use.
s. During the hours of her employment in Waterbury she, on occasion, used the second vehicle to perform various errands connected with her employment.
t. When she drove the second vehicle back to her home, after work, it would be garaged at her residence in Watertown.
u. When she was not using the second vehicle for commuting purposes, she would use it for other personal uses the same as if it were her own vehicle.
v. The Town of Watertown, in a supplemental motor vehicle list, listed said second vehicle on its grand list for October 1, 1995.
w. The town of Watertown, also listed said second vehicle, on CT Page 6787 its grand list for October 1, 1996.
x. The Town of Watertown listed said second vehicle as owned by Fox Rental Systems, Inc., and issued a tax bill for the above years 1995 and 1996 based on the second vehicle's being listed on Watertown's grand list.
y. Said tax bills were paid by Marguerite Lombardi. She also paid for all repairs, if any, to the vehicle, all registration and emission test fees, all maintenance costs and all expenses for gasoline and other operating expenses.
z. The second vehicle continued to be listed on Watertown's grand list for October 1, 1997 and Ms. Lombardi paid the Watertown tax based on said listing. (Verification by Watertown of all said tax payments are attached.)
aa. If the court determines that the second vehicle had a tax situs in Waterbury, the defendant agrees to abide by Judge Shortall's ruling page 16 of his Memorandum of Decision with respect to the assessor's obligation to depreciate the secondvehicle to arrive at actual value for each grand list assessment.
Subject to the approval of the court, the parties submit the above stipulation in lieu of an evidentiary hearing on the above matters. The parties reserve the right to submit to the court any additional exhibits, as may be agreed to, in supplementation of this stipulation.
RESPECTFULLY SUBMITTED, RESPECTFULLY SUBMITTED, PLAINTIFF DEFENDANT
BY BY Joel M. Ellis, Esq. Attorney Charles E. Oman III Butler Norris Gold Corporation Counsel's Office 254 Prospect Ave. City for Waterbury Hartford, CT 06106 236 Grand Street Juris No.: 07660 Waterbury, CT 06702 Tel. No.: (860)236-6951 Juris No.: 66300 Tel. No.: (203)574-6734 Dated: May 6, 1999:
The Court approves of and accepts the above stipulation and accepts it in lieu of live testimony. CT Page 6788
The Court,
BY:
Caruso, Judge.
CT Page 6554